FILED IN CHAMBERS
THOMAS W. THRASH JR.
U.S.D.C. Atlanta

MAR 8 2010

JAMES N. HATTEN, Clerk
By:
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JACOB ANDREW BERGERON, | : | PRISONER CIVIL RIGHTS |
| Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:10-CV-295-TWT |
| CEYLON N. COPES, Assistant Public Defender, | : | |
| Defendant. | : | |

## ORDER AND OPINION

Plaintiff, Jacob Andrew Bergeron, an inmate at the Douglas County Jail in Douglasville, Georgia, has filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983. The matter is now before the Court for a 28 U.S.C. § 1915A screening.

I. 28 U.S.C. § 1915A Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action is either: (1) frivolous, malicious or fails to state a claim on which relief may be granted; or, (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll

v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint may be dismissed for failure to state a claim when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Brower v. County of Inyo, 489 U.S. 593, 597 (1989).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. See Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal, pursuant to 28 U.S.C. § 1915A.

## II. Plaintiff's Allegations

Plaintiff sues assistant public defender Ceylon N. Copes, alleging that Copes has been ineffective in his state criminal proceedings. Plaintiff contends that Copes has failed to demand a speedy trial and failed to depose or otherwise preserve the testimony of three witnesses for the defense that are now no longer available.

2

Plaintiff also contends that Copes has failed to seek discovery. Plaintiff seeks damages and appointment of new counsel in his state criminal proceedings.

III. Discussion

Plaintiff's § 1983 action against Copes is subject to dismissal, as Plaintiff has failed to allege that Copes acted under "color of state law" or conspired with a state actor. See Polk County v. Dodson, 454 U.S. 312, 325 (1981) ("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001) ("Only in rare circumstances can a private party be viewed as a [s]tate actor for section 1983 purposes."); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985). Thus, his complaint should be dismissed.

Furthermore, Plaintiff's challenge to his state criminal proceedings cannot be brought in this § 1983 action. A habeas corpus petition is the proper vehicle for raising claims that may affect the fact or duration of a criminal defendant's confinement. See Preiser v. Rodriguez, 411 U.S. 475, 488-490 (1973). Thus, Plaintiff must seek habeas corpus relief.

3

However, this Court will not construe Plaintiff's complaint as a habeas corpus petition since it appears that Plaintiff's state criminal proceedings are ongoing. The Supreme Court in Younger v. Harris, 401 U.S. 37 (1971), held that, except in extraordinary circumstances, a federal court must abstain from deciding issues implicated in an ongoing criminal proceeding in state court. Younger, 401 U.S. at 53-54; Maharaj v. Sec'y for Dep't of Corr., 304 F.3d 1345, 1348 (11th Cir. 2002). If the relief sought would disrupt the state criminal proceeding, it is generally prohibited by the Younger doctrine. In the instant case, it appears that Plaintiff's state criminal proceedings are ongoing. Thus, this Court must abstain from interfering in Plaintiff's state criminal action.

Extraordinary circumstances may justify intervention in a situation where a petitioner alleges great, immediate and irreparable injury or flagrant violation of an express constitutional prohibition. See Younger, 401 U.S. at 46. However, Plaintiff has not alleged irreparable injury or a flagrant violation of his rights. Thus, his complaint is subject to dismissal.

4

IV. Conclusion

Based on the foregoing, **IT IS ORDERED** that the instant action is hereby **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A.

**IT IS FURTHER ORDERED** that Plaintiff's request to proceed in forma pauperis [Doc. 2] be **GRANTED** for the purpose of dismissal only.

**IT IS SO ORDERED** this 8 day of March, 2010.

_____
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

5